LAND, J.
 

 Defendant owns a lot located on the east side of Third street in the town of Leesville, La. Under a contract between the town, Louisiana highway commission, and Southerm Road Construction Company, Third street was paved, and a culvert was constructed unr der the street, in front of defendant’s lot, to carry the waters from the west side of Third street, under the street and across the property of defendant.
 

 Defendant constructed a concrete foundation wall for a building on his property line at the exit of the culvert, and stopped the flow of the waters- from the culvert into a ditch on defendant’s premises.
 

 In the present suit the town of Leesville seeks injunctions, prohibitory and mandatory, against defendant, prohibiting him from obstructing an alleged natural drain across his property, and a mandatory order for the removal of the foundation wall placed by defendant at the exit of the culvert.
 

 On the trial of the rule nisi, the case was-submitted on the face of the papers, and acted' upon without the introduction of other evidence.
 

 The trial judge considered that the showing made was sufficient, and ordered injunctions, prohibitory and mandatory, to issue, upon-
 
 *300
 
 plaintiff’s furnishing bond in the sum of $600, according to law.
 

 From this order defendant has prosecuted a suspensive appeal to this court.
 

 Under the circumstances, it is apparent that plaintiff town must rely entirely upon facts admitted by the pleadings, in order to maintain its right to the issuance of the injunctions prayed for in this case.
 

 Plaintiff’s petition contains a main demand and an alternative demand as the basis of the right to the injunctions herein sought.
 

 The main demand of plaintiff is founded upon the allegation that defendant’s lot was subjected to a servitude of drain from the property on the west, or Opposite, side of Third street in the town of Leesville, and that the ditch through defendant’s premises is a natural drain and was closed up by him without any right or authority in law.
 

 These allegations are denied by defendant in his answer.
 

 In the event the court should hold that there was not a natural drain across the property of defendant, then plaintiff avers in the alternative:
 

 That the culvert and drainage were constructed under a contract between plaintiff town, Louisiana highway commission, and Southern Roads Construction Company, and that Third street is a connecting link in route No. 42 of the state highway system, and a part of federal highway No. 171.
 

 That defendant signed a petition with other property owners requesting the improvement and paving of the street, and consented to the construction of the culvert and drainage ditch across his property, and that defendant is' now legally estopped from complaining about its construction.
 

 Defendant admits, in his answer, the construction of the Improvements as above alleged, but denies that the improvements were, made pursuant to a petition signed by the abutting property owners of Third street.
 

 Defendant further denies, in his answer, that the drainage ditch across his property was absolutely necessary, and denies that he is estopped from complaining about its construction.
 

 Defendant then sets out in his answer the following averments:
 

 That, when the construction company reached his property line, in the construction of the culvert under Third street, defendant forbade any further excavation across. his property.
 

 That the street was finished and the • culvert left without any outlet for the water that' was forced into it.
 

 That subsequently, when a heavy rain fell, the water backed up and formed a lake on the west side of the street, across from his place on the east side.
 

 .That at that time the town of Leesville, through its mayor, who was also street commissioner, appealed to defendant for permission to excavate a temporary drain across defendant’s property providing for the outlet of the water.
 

 That the mayor and street commissioner proposed to defendant, if he would permit the excavation of the ditch, to construct and continue the culvert under the street across defendant’s lot, under the surface, and in a safe manner, so as not to damage the property, and thus obtain drainage to the natural drain that extended along the K. C. S. right of way.
 

 That, having accepted this proposal of the town, defendant in good faith permitted the
 
 *302
 
 ditch to.be excavated across bis property, believing that the town would construct the culvert; but that, notwithstanding his repeated efforts to induce the town to carry out its agreement, defendant has not been able to get the culvert built.
 

 Defendant avers;
 

 That his lot has been considerably damaged by erosion from the water running through the open and unprotected temporary ditch constructed across his premises by plaintiff town.
 

 That the repair of the lot by the replacement of dirt would be destroyed as fast as defendant could replace it.
 

 That he placed his former agreement with the town before the present town council, and all of the facts of the case, and demanded in vain that the culvert be constructed to stop the damage to his property. That he gave ten days’ notice to the town council that he desired to fill up the ditch and to improve his lot by erecting the building which plaintiff town now seeks to have demolished.
 

 Defendant avers that his building is worth $3,500, and that at no time during the construction of the foundation ánd filling in of the ditch did' any one offer any objection. .
 

 The facts admitted by the pleadings are clearly insufficient, in our opinion, to justify the issuance of the injunctions in this case upon the face of the papers.
 

 This is a suit in which the material allegations made by plaintiff are denied by defendant, and defendant’s special averments of fact are also in conflict with the allegations of plaintiff’s petition.
 

 Under such circumstances, the pleadings per se do not furnish sufficient facts to enable a court of justice to decide the case with any degree of legal certainty.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that this case be remanded to the lower court and be tried upon the merits, in order to ascertain whether the injunctions prayed for should be granted.